ANTONIO L. LÓPEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 756. Submitted March 25, 1929.—Decided April 24, 1929.

The appellant appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

There was presented in the registry of property of Caguas a notarial copy of a public sale deed executed by the marshal of the District Court of Humacao and by Rufo Reyes as verbal attorney in fact of Antonio L. López whereby the marshal sold an urban property to López represented by Reyes. It appears from the deed that in an action brought

by Isabel Polanco Santiago against the succession of José Garrido Farizo composed of his widow, María Puig, and his unknown heirs sued under the names of John Doe and Richard Roe the usual procedure was followed and after the defendants had been duly summoned the court rendered judgment in favor of the plaintiff and that after the judgment became final the marshal sold the said property in execution of that judgment.

The registrar refused to record the sale in favor of López for the following reasons:

"Record of this document is denied and a cautionary notice is entered instead for the statutory 120 days in favor of Antonio L. López on page 230 of volume 137 of Caguas, property No. 3342, entry letter C, because it does not appear from the document whether or not the judgment was rendered on default, or whether and how the defendants had been summoned, or when and how notice of the judgment had been served on the defendants, especially because the said defendants are among others the unknown heirs of José Garrido named in the complaint as John Doe and Richard Roe, in order to determine whether the court had jurisdiction of the parties defendant; because no mention is made either of the date or the newspaper in which the public sale was advertised; because the property which is the subject of the cautionary notice and the first described is not recorded except as to a moiety thereof in the name of María Puig, widow of Garrido, and a cautionary notice entered of the other moiety in the name of Antonio Garrido and Vicente Farizo and María Puig as to the usufructuary share, and although it is sought to have an accompanying writing dated January 16, 1929, signed in Caguas by J. B. Delfaus, form a part of the documents presented with other similar deeds by Jacinto Polanco Santiago, although the registrar is not bound to inquire into the records of other properties, the documents referred to are certificates issued on September 5, 1928, by a Ramírez Jr., clerk of the District Court of Humacao to the effect that in civil action No. 11602 brought in the District Court of Humacao by Isabel Polanco Santiago against José Garrido Farizo, now his succession composed of his widow, María Puig, and John Doe and Richard Roe, unknown heirs, there appeared voluntarily at the hearing of the case María Puig as the widow of José Garrido and Antonio Garrido and Vicenta Farizo as the heirs of José Garrido, and another certificate issued on August

31, 1928, by the same official to the effect that in the declaration of heirship proceedings regarding the heirs of José Garrido, by an order dated the same 31st of August, 1928, there were declared as the sole and universal heirs of José Garrido his lawful parents Antonio Garrido and Vicenta Farizo and the widow María Puig as regards the usufructuary share, we understand that at the trial of the action leading to the sale of the said property the court could not consider as the sole and universal heirs of José Garrido the parties who appeared voluntarily as the heirs of José Garrido, because as there was neither a will nor a judicial declaration of heirship the unknown heirs should have been summoned and served with notice of the judgment by publication and that a subsequent declaration of heirship does not cure the omission in the proceedings of compliance with the legal requisites; the said cautionary notice was entered with the *Curable Defect* of lack of formal acceptance of the contract; because no showing was made of the capacity as attorney in fact verbally appointed assumed by Rufo Reyes as the agent of López, purchaser, at the execution of the said instrument.''

The present appeal has been taken by López from that decision refusing the record. Although we have before us only the said deed, however, we shall consider also the documents referred to by the registrar in his decision because he has taken them into account for his conclusion.

As the reasons given by the registrar for refusing the record of the deed involved in the present appeal are several, we shall number them for their consideration and decision.

*First:* The record is denied because it does not appear from the document whether or not the judgment was rendered on default, or in what manner the defendants had been summoned, or who were the defendants.

It appears from the other documents referred to by the registrar that in the action which originated the judicial sale sought to be recorded brought by Isabel Polanco against the succession of José Garrido y Farizo composed of his widow, María Puig, and his unknown heirs sued under the names of John Doe and Richard Roe appeared voluntarily at the trial María Puig as the widow of José Garrido Farizo and Antonio Garrido and Vicenta Farizo as the former's heirs,

and also that Antonio Garrido and Vicenta Farizo, as the parents of José Garrido Farizo, have been judicially declared to be his sole and universal heirs, and the widow María Puig for her usufructuary quota.

In view of these documents those three persons are the only persons who have an interest in the estate of José Garrido y Farizo and as they appeared voluntarily at the trial of the case, the court acquired jurisdiction over them and the judgment was not rendered on their default. Therefore it was not necessary to show in the registry who had been summoned or the manner in which the summons was served, for although there was no judicial declaration of heirship at the time of the trial, the court could consider those persons as such heirs in that action, as held in *Morales* v. *Landrau,* 15 P.R.R. 761; and subsequently in *Soriano* v. *Rexach,* 23 P.R.R. 531, and *Fortis* .v. *Fortis,* 25 P.R.R. 64.

*Second:* Another reason for the refusal of the registrar is that no showing is made of when notice of the judgment was given to the defendants, but this is unnecessary because it is a. matter of a judgment in execution.

*Third:* Another ground for the refusal to record is the absence of a showing of the date of publication and the newspapers containing the advertisements of the public sale. But we have held in *Manrique* v. *Registrar of Guayama,* 33 P.R.R. 515 and 978, that any defect in the publication of the notices of the sale is neither an incurable nor a curable defect, and therefore the absence of the date of the publication of the notices of the public sale or the mention of the newspaper publishing them can not be a bar to the record in the present case.

*Fourth:* The last incurable defect pointed out by the registrar is that the property is recorded only as to a moiety thereof in favor of María Puig and a cautionary notice has been entered of the other moiety in favor of Antonio Garrido and Vicenta Farizo and María Puig as to the usufructuary quota. It is alleged by the appellant that his title is record-

able as to the moiety recorded in the name of María Puig. This is true, for as half of the property is recorded in the name of María Puig there is no obstacle in the registry to recording the purchase of that half in the name of the appellant.

The registrar points out as a curable defect "the lack of formal execution of the contract, because no showing was made of the capacity as attorney in fact verbally appointed assumed by Rufo Reyes as the agent of López, purchaser, at the execution of the said document."

It has been held repeatedly by this court that failure on the part of an agent to present the power of attorney from the purchaser to accept a deed in his name is a curable defect. Tobacco Co. v. Registrar, 13 P.R.R. 176; Gutiérrez v. Registrar, 14 P.R.R. 598; Maestre v. Registrar, 14 P.R.R. 661; Purcell v. Registrar, 14 P.R.R. 728, and Colón v. Registrar, 18 P.R.R. 123.

Therefore, the record of the title of the appellant is ordered as to the half of the property recorded in the name of María Puig and in this particular the decision of the registrar must be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case.